IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RONALD EDWARD WOOTEN                                                  PLAINTIFF

VS.                                           CIVIL ACTION NO. 3:16cv446-DPJ-FKB

WARDEN B.E. BLACKMON                                       DEFENDANT

**REPORT AND RECOMMENDATION**

Ronald Edward Wooten is a federal prisoner incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. He is currently serving a 151-month sentence imposed by the United States District Court for the Western District of Virginia after entry of a guilty plea for a drug offense. Wooten filed this action pursuant to 28 U.S.C. § 2241 challenging the computation of his sentence. Having considered the petition, Wooten's memorandum in support of the petition, the response, and the memorandum in support of the response, the undersigned recommends that habeas relief be denied.

Wooten's challenge concerns time spent in state custody after his federal offense but prior to the commencement of his federal sentence. In his petition, Wooten alleges that the Bureau of Prisons (BOP) has wrongfully failed to credit him for approximately 22 months of such time.

The relevant facts are as follows. The incidents for which Wooten was indicted and sentenced in federal court occurred on July 11, 2007, and July 17, 2007. He was not sentenced on the federal charges until July 23, 2010. Between the date of his first federal offense and his federal sentencing, Wooten was arrested, charged, and sentenced on several state law violations in Virginia. Most of his time during this three-

year period was spent in state custody, either as a pretrial detainee or as a convicted felon. At the time of his federal sentencing, Wooten was serving a state sentence imposed on September 24, 2008, for violating probation from a 2003 drug conviction, and the federal court ordered that Wooten's federal sentence run concurrently with that state sentence. On August 4, 2010, Wooten was returned to state custody, where he remained until April 17, 2013, when he fulfilled his state sentence and was returned to federal custody.[1]

Although Wooten states in his filings that the BOP has wrongfully failed to credit him with 22 months served in state custody, he does not explicitly state how he arrives at this number. However, it appears that Wooten's dispute with the BOP's calculations concerns the time period between the imposition of his state sentence on September 24, 2008, and his federal sentencing approximately 22 months later on July 23, 2010. Wooten apparently believes that because his federal sentence was to run concurrently with his state sentence, the service of his state sentence during this 22-month period

---

[1] A detailed chronology of events is set forth in the affidavit of Bryan Erickson, Correctional Programs Specialist at the BOP's Designation and Sentence Computation Center, and accompanying documents submitted by Respondent. *See* [11-2] and [13]. These documents indicate that Wooten was arrested on July 15, 2007, by Virginia state authorities on a state charge of habitual offender driving without a license. He was released the next day. He was arrested on a second state charge of habitual offender driving without a license on August 31, 2007, and was released on bond the same day. A third state arrest, this one for failure to appear, occurred on September 7, 2007; Wooten remained in state custody after this arrest. The state court sentenced Wooten on October 22, 2007, to five days for the failure to appear, but he remained in state custody. On April 17, 2008, the state court sentenced him to five years, with four years suspended, on the July 15, 2007, charge of habitual offender driving without a license; he completed this sentence on July 24, 2008, but remained in state custody on other state charges. On September 24, 2008, the state court sentenced him to two years, with one year suspended, on the August 31, 2007, charge of habitual offender driving without a license and sentenced him to four years and five months for violating probation from a 2003 drug conviction. On October 23, 2008, while in state custody, Wooten was indicted in federal court. He was taken into secondary federal custody pursuant to a writ of habeas corpus *ad prosequendum* on December 3, 2009. The federal court sentenced Wooten on July 23, 2010, and the U.S. Marshals returned him to state custody on August 4, 2010.

2

should have counted as concurrent service of his federal sentence, or, stated otherwise, that his federal sentence should have been considered to have commenced at the time he began serving the state sentence. The problem with this position is that, as the Fifth Circuit has stated, "a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980). Wooten's federal sentence commenced on July 23, 2010, and thus his federal sentence could begin to run concurrently with his state sentences only as of that date.

Neither is Wooten entitled to any presentence credit that he has not already been awarded. 18 U.S.C. § 3585(b)(1) provides that a federal defendant is entitled to credit for any time spent in presentence custody as a result of either the offense for which the sentence was imposed or any other charge for which the defendant was arrested after the commission of the offense for which the sentence is imposed, unless that time has been credited against another sentence. In response to the petition, Respondent has submitted the declaration of Bryan Erickson, The Correctional Programs Specialist at the BOP's Designation and Sentence Computation Center, along with the computation records for Wooten's sentence. *See* [11-2] and [13]. Erickson states that the BOP applied this statute in determining whether Wooten was entitled to credit for his presentence time in custody. Erickson explains that all of the time Wooten had spent in custody between the date of his earlier federal offense and the date of his federal sentencing had been credited by the State of Virginia against his state sentences. The BOP nevertheless gave Wooten *Willis* credit for 62 days, including August 31, 2007,

3

and the time period from July 24, 2008, through September 23, 2008.[2]  No other time before his federal sentencing was available to be credited to his federal sentence, because all other time had already been counted against his state sentences.

Throughout his petition and memorandum, Wooten argues that all of the time he spent in state custody should be have been credited to his federal sentence because the federal prosecutor agreed and recommended to the federal court that he receive credit for all time spent in state custody.[3]  To the extent that Wooten is claiming that the sentence imposed was in violation of his plea agreement and the government's recommendation, this claim is not cognizable under § 2241.  *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (the proper vehicle for raising a sentencing error is a petition pursuant to § 2255, which must be filed in the sentencing court); *Lugo-Cuero v. United States Bureau of Prisons*, 194 Fed. Appx. 220, 221 (5th Cir. 2006) (prisoner's claim that his plea agreement bound sentencing court to run his federal sentence absolutely concurrently with prior state sentence was not properly before § 2241 court).

---

[2] *Willis* credit represents a narrow exception to the prohibition against double-counting presentence credit under 18 U.S.C. § 3585(b)(1). It is credit given by the BOP for presentence custody where that custody has been credited by the state on a concurrent state sentence but where, because of the termination date of the concurrent state sentence, the state credit is of no benefit to the inmate.  *See Willis v. United States*, 438 F.2d 923 (5th Cir. 1971); BOP Program Statement 5880.28, pp. 1-22--1-22B).  Wooten was given *Willis* credit for time spent in state custody on August 31, 2007 (presumably because this custody was credited on the concurrent state sentence) and from July 25, 2008 (the date he completed a sentence on a non-concurrent state charge but remained in state custody on the concurrent state charge) through September 23, 2008 (the day before he was sentenced on the concurrent state charge).

[3] The transcript of his federal sentencing provides an explanation as to why Wooten takes the position that he does.  At the sentencing, the prosecutor, in explaining the government's sentencing recommendation, stated that Wooten's total state sentences were six years and six months (i.e., 78 months) and calculated that if the federal court were to sentence Wooten at the low end of the federal guideline range (151 months), his actual net federal sentence would be about 74 months. [2] at 10.  Unfortunately for Wooten, the prosecutor's assumption that all of Wooten's time in state custody could be credited against his federal sentence was incorrect.

4

Wooten has failed to show that he is being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Therefore, the undersigned recommends that relief be denied and that Wooten's petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 3rd day of May, 2019.

s/ F. Keith Ball  
United States Magistrate Judge